Silverman Perlstein & Acampora LLP
Counsel to Plaintiffs
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(615) 479-6300
Edward M. Flint, Esq. (EMF#7001)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GOLDEN MANAGERS ACCEPTANCE
CORP. and GOLDEN IMPROVEMENTS
CORPORATION,

       Plaintiffs,

  -against-         Index No. CV

RICHARD YANDOLI,       08 CIV. 2007

       Defendant.    JUDGE ROBINSON
-----------------------------------------------------------x

## COMPLAINT

  GOLDEN MANAGERS ACCEPTANCE CORP. ("Golden Mac") and GOLDEN IMPROVEMENTS CORPORATION ("Impco" and with Golden Mac, the "Plaintiffs"), individually, by their attorneys, Silverman Perlstein & Acampora LLC, as and for their Complaint against Richard Yandoli ("Yandoli" or the "Defendant"), alleges as follows:

### Nature of the Claims Asserted

  1.  This is a complaint for the recovery of monies due and owing by the Defendant to the Plaintiffs in the aggregate principal amount of $2,831,995.78, plus accrued and unpaid interest, under certain personal Guaranties duly executed and delivered to Plaintiffs by the Defendant.

### Jurisdiction and Venue

  2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)

  3.  Venue is proper in this District pursuant to 28 U.S.C. §1391, as Defendant's principal place of business is within the Southern District of New York and a substantial part of

the events and omissions from which the claims arise occurred in the Southern District of New York.

4.  The relief sought herein is predicated on the common law of the State of Texas, as agreed in the Guaranties described below.

### The Parties and Related Entities

### The Plaintiffs

5.  Plaintiff Impco is a Delaware corporation with a principal place of business at 208 South LaSalle Street, Chicago, Illinois, 60604.

6.  Plaintiff Golden Mac is a Delaware corporation with a principal place of business at 208 South LaSalle Street, Chicago, Illinois, 60604

### The Defendant

7.  At all relevant times, the Defendant was the sole shareholder and director, and the principal officer of Yandoli Foods, Inc. ("Foods").  Foods is a holding company that owned one hundred (100%) percent of the stock of seven separate companies, each of which owned and operated a McDonald's restaurant franchise in Brooklyn, New York.

8.  The Defendant is a resident and citizen of Connecticut, having a principal residence at 54-58 Indian Field Road, Greenwich, Connecticut 06830.

9.  At all relevant times, Defendant's principal place of business was 219 Westchester Avenue, Suite 400, Port Chester, New York 10573 ("Defendant's Office").  All of the transactions, events and omissions described herein occurred at, or originated from, Defendant's Office.

### First Claim For Relief

10. On or about June 22, 2004, Foods executed a term note (the "First Note") in the amount of $95,986.78, payable to the order of Golden Mac, in care of JPMorgan Chase Bank, N.A. ("Chase") as master servicer.

11. Defendant executed the First Note as president of Foods.

12. By its terms, the First Note was secured by a security agreement, thereby granting Golden Mac, a security interest in all of Food's furniture, fixtures and other equipment described in that security agreement.

13. On or about June 22, 2004, Defendant executed the security agreement described in paragraph 13 as president of Foods.

14. By its terms, the First Note was guaranteed by a guaranty (the "First Guaranty") executed for the benefit of Golden Mac by Defendant, personally, on or about June 22, 2004.

15. Foods defaulted under the terms of the First Note.

16. By its terms, the First Note became fully due and payable on November 20, 2006.

17. Foods failed to satisfy the First Note by November 20, 2006.

18. Pursuant to the terms of the First Note and the First Guaranty, Defendant is liable to Golden Mac for unpaid principal accrued and unpaid interest, late fees and attorneys' fees in an amount to be determined at trial.

19. On or about June 22, 2004, Foods executed a term note (the "Second Note") in the amount of $265,737.63, payable to the order of Golden Mac, in care of Chase as master servicer.

20. Defendant executed the Second Note as president of Foods.

21. By its terms, the Second Note was secured by a security agreement, thereby granting Golden Mac a security interest in all of Food's furniture, fixtures and other equipment described in that security agreement.

22. On or about June 22, 2004, Defendant executed the security agreement described in paragraph 22 as president of Foods.

23. By its terms, the Second Note was guaranteed by a guaranty (the "Second Guaranty") executed for the benefit of Golden Mac by Defendant, personally, on or about June 22, 2004.

EMF/D259659v/F053785

24. Foods defaulted under the terms of the Second Note.

25. Pursuant to the terms of the Second Note and the Second Guaranty, Defendant is liable to Golden Mac for unpaid principal, accrued and unpaid interest, late fees and attorneys' fees in an amount to be determined at trial.

26. On or about June 24, 2004, Foods executed a term note (the "Third Note") in the amount of $400,000.00, payable to the order of Golden Mac, in care of Chase as master servicer.

27. Defendant executed the Third Note as president of Foods.

28. By its terms, the Third Note was secured by a security agreement, thereby granting Golden Mac a security interest in all of Food's furniture, fixtures and other equipment described in that security agreement.

29. On or about June 24, 2004, Defendant executed the security agreement described in paragraph 29 as president of Foods.

30. By its terms, the Third Note was guaranteed by a guaranty (the "Third Guaranty") executed for the benefit of Golden Mac by Defendant, personally, on or about June 24, 2004.

31. Foods defaulted under the terms of the Third Note.

32. Pursuant to the terms of the Third Note and the Third Guaranty, Defendant is liable to Golden Mac for unpaid principal, accrued and unpaid interest, late fees and attorneys' fees in an amount to be determined at trial.

33. On or about October 29, 2004, Foods executed a term note (the "Fourth Note") in the amount of $96,086.88, payable to the order of Golden Mac, in care of Chase as master servicer.

34. Defendant executed the Fourth Note as president of Foods.

35. By its terms, the Fourth Note was secured by a security agreement, thereby granting Golden Mac a security interest in all of Food's furniture, fixtures and other equipment described in that security agreement.

36. On or about October 29, 2004, Defendant executed the security agreement described in paragraph 36 as president of Foods.

37. By its terms, the Fourth Note was guaranteed by a guaranty (the "Fourth Guaranty") executed for the benefit of Golden Mac by Defendant, personally, on or about October 29, 2004.

38. Foods defaulted under the terms of the Fourth Note.

39. Pursuant to the terms of the Fourth Note and the Fourth Guaranty, Defendant is liable to Golden Mac for unpaid principal, accrued and unpaid interest, late fees and attorneys' fees in an amount to be determined at trial.

40. On or about November 2, 2004, Foods executed a term note (the "Fifth Note") in the amount of $150,000.00, payable to the order of Golden Mac, in care of Chase as master servicer.

41. Defendant executed the Fifth Note as president of Foods.

42. By its terms, the Fifth Note was secured by a security agreement, thereby granting Golden Mac a security interest in all of Food's furniture, fixtures and other equipment described in that security agreement.

43. On or about November 2, 2004, Defendant executed the security agreement described in paragraph 43 as president of Foods.

44. By its terms, the Fifth Note was guaranteed by a guaranty (the "Fifth Guaranty") executed for the benefit of Golden Mac by Defendant, personally, on or about November 2, 2004.

45. Foods defaulted under the terms of the Fifth Note.

46. Pursuant to the terms of the Fifth Note and the Fifth Guaranty, Defendant is liable to Golden Mac for unpaid interest, accrued and unpaid interest, late fees and attorneys' fees in an amount to be determined at trial.

47. On or about October 25, 2005, Foods executed a term note (the "Sixth Note") in the amount of $376,693.04, payable to the order of Golden Mac, in care of Chase as master servicer.

48. Defendant executed the Sixth Note as president of Foods.

49. By its terms, the Sixth Note was secured by a security agreement, thereby granting Golden Mac a security interest in all of Food's furniture, fixtures and other equipment described in that security agreement.

50. On or about October 25, 2005, Defendant executed the security agreement described in paragraph 50 as president of Foods.

51. By its terms, the Sixth Note was guaranteed by a guaranty (the "Sixth Guaranty") executed for the benefit of Golden Mac by Defendant, personally, on or about October 25, 2005.

52. Foods defaulted under the terms of the Sixth Note.

53. Pursuant to the terms of the Sixth Note and the Sixth Guaranty, Defendant is liable to Golden Mac for unpaid principal, accrued and unpaid interest, late fees and attorneys' fees in an amount to be determined at trial.

54. On or about March 14, 2006, Foods executed a term note (the "Seventh Note") in the amount of $1,000,000, payable to the order of Golden Mac, in care of Chase as master servicer.

55. Defendant executed the Seventh Note as president of Foods.

56. By its terms, the Seventh Note was secured by a security agreement, thereby granting Golden Mac a security interest in all of Food's furniture, fixtures and other equipment described in that security agreement.

57. On or about March 14, 2006, Defendant executed the security agreement described in paragraph 57 as president of Foods.

58. By its terms, the Seventh Note was guaranteed by a guaranty (the "Seventh Guaranty") executed for the benefit of Golden Mac by Defendant, personally, on or about March 14, 2006.

59. Foods defaulted under the terms of the Seventh Note.

60. Pursuant to the terms of the Seventh Note and the Seventh Guaranty, Defendant is liable to Golden Mac for unpaid principal, accrued and unpaid interest, late fees and attorneys' fees in an amount to be determined at trial.

61. Based upon the foregoing, Plaintiff Golden Mac is entitled to entry of judgment against Defendant in the principal amount of $1,866,121.38, plus accrued interest, late fees and attorney fees.

## Second Claim For Relief

62. On or about November 30, 2004, Foods executed a note (the "Eighth Note") in the amount of $731,546.96, payable to the order of Impco, in care of Chase as master servicer.

63. Defendant executed the Eighth Note as president of Foods.

64. By its terms, the Eighth Note was secured by a security agreement, thereby granting Impco a security interest in all of Food's furniture, fixtures and other equipment described in that security agreement.

65. On or about November 30, 2004, Defendant executed the security agreement described in paragraph 65 as president of Foods.

66. By its terms, the Eighth Note was guaranteed by a guaranty (the "Eighth Guaranty") executed for the benefit of Impco by Defendant, personally, on or about November 30, 2004.

67. Foods defaulted under the terms of the Eighth Note.

68. Pursuant to the terms of the Eighth Note and the Eighth Guaranty, Defendant is liable to Impco for unpaid principal, accrued and unpaid interest, late fees and attorneys' fees in an amount to be determined at trial.

69. On or about November 30, 2004, Foods executed a term note (the "Ninth Note") in the amount of $279,248.05, payable to the order of Impco, in care of Chase as master servicer.

70. Defendant executed the Ninth Note as president of Foods.

71. By its terms, the Ninth Note was secured by a security agreement, thereby granting Impco a security interest in all of Food's furniture, fixtures and other equipment described in that security agreement.

72. On or about November 30, 2004, Defendant executed the security agreement described in paragraph 72 as president of Foods.

73. By its terms, the Ninth Note was guaranteed by a guaranty (the "Ninth Guaranty") executed for the benefit of Impco by Defendant, personally, on or about November 30, 2004.

74. Foods defaulted under the terms of the Ninth Note.

75. Pursuant to the terms of the Ninth Note and the Ninth Guaranty, Defendant is liable to Impco for unpaid principal, accrued and unpaid interest, late fees and attorneys' fees in an amount to be determined at trial.

76. Based upon the foregoing, Plaintiffs Golden Mac and Impco are entitled to entry of judgment against Defendant in the principal amount of $965,874.40, plus interest, late fees and attorney's fees.

**WHEREFORE**, plaintiffs demand entry of judgment against Defendant as follows:

(a) on the first claim for relief against Defendant, Golden Mac demands entry of judgment in the principal amount of $1,866,121.38, plus accrued interest, late fees and attorney's fees;

(b) on the second claim for relief against Defendant, Impco demands entry of judgment in the principal amount of $965,874.40, plus interest, late fees and attorney's fees;

(c) attorneys' fees, as provided for in the Notes and the Guarantees.

(d) costs and disbursements of this action; and

(e) such other and further relief as the Court deems just and proper.

EMF/D259659v/F053785

Dated: Jericho, New York
      February 28, 2008

**SILVERMAN PERLSTEIN & ACAMPORA LLP**
Attorneys for plaintiffs Golden Managers
Acceptance Corp. and Golden Improvements
Corporation

By: _____
Edward M. Flint (EMF#7001)
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300