Silverman Perlstein & Acampora LLP
Counsel to Plaintiffs
100 Jericho Quadrangle, Suite 300
Jericho, New York  11753
(615) 479-6300
Edward M. Flint, Esq. (EMF#7001)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
GOLDEN MANAGERS ACCEPTANCE
CORP. and GOLDEN IMPROVEMENTS
CORPORATION,

                               Plaintiffs,

         -against-                              Index No. CV

RICHARD YANDOLI,

                               Defendant.
---------------------------------------------------------------x

**AFFIDAVIT OF EDWARD M. FLINT, ESQ., IN SUPPORT OF
APPLICATION BY ORDER TO SHOW CAUSE FOR (A) A PRE-JUDGMENT
ORDER OF ATTACHMENT PURSUUANT TO RULE 64 OF THE FEDERAL
RULES OF CIVIL PROCEDURE AND SECTION 6201(3) OF THE NEW YORK
CIVIL PRACTICE LAW AND RULES AND (B) AN ORDER GRANTING AN
*EX PARTE* TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
<u>PURSUANT TO RULE 65(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

STATE OF NEW YORK      )
                                    ) ss.:
COUNTY OF NASSAU     )

     Edward M. Flint, Esq., an attorney duly admitted to practice law before the courts of the State of New York and before this Court, duly sworn, deposes and says:

     1.     I am a member of Silverman Perlstein & Acampora LLC, attorneys for plaintiffs GOLDEN MANAGERS ACCEPTANCE CORP. ("Golden Mac") and GOLDEN IMPROVEMENTS CORPORATION ("Impco" and with Golden Mac, the "Plaintiffs").  I am personally and fully familiar with the facts alleged herein, except for those facts alleged upon information and belief.  I submit this affidavit in support of the Plaintiffs' Application by Order to Show Cause for (a) a Pre-judgment Order of Attachment Pursuant to Rule 64 of the Federal Rules of Civil Procedure (the "FRCP") and Section 6201(3) of the New York Civil Practice Law

1

and Rules (the "CPLR") and (b) an Order Granting an *Ex Parte* Temporary Restraining Order and Preliminary Injunction Pursuant to Rule 65(b) of the FRCP.

## BACKGROUND

**The Loans and Defendant's Guaranties**

2. This is an action to recover money due and owing on nine (9) separate Guaranties (the "Guaranties") each of which guaranties the payment of nine (9) separate loans made by Impco and/or Golden Mac evidenced by nine (9) separate notes (the "Notes"). Each of the Notes and each of the Guaranties were executed by Richard Yandoli (the "Defendant"). The Notes were executed in the Defendant's capacity as President of the corporate borrower, Yandoli Foods, Inc. (Foods") and the Guaranties were executed by the Defendant personally, in his individual capacity. The Defendant is the sole shareholder and director of the corporate borrower, Foods. The Notes and the Guaranties are more fully described in the Complaint filed in this action, a copy of which is attached hereto as **Exhibit A**. True and exact copies of the Notes are attached here to as **Exhibit B**. True and exact copies of the Guaranties are annexed hereto as **Exhibit C**.

3. The Notes and Guaranties were in the following amounts and executed on the dates indicated:

| | |
|---|---|
| June 22, 2004 | $   95,986.78 |
| June 22, 2004 | $ 265,737.63 |
| June 24, 2004 | $ 400,000.00 |
| October 25, 2004 | $ 376,693.04 |
| October 29, 2004 | $   93,086.88 |
| November 2, 2004 | $ 150,000.00 |
| November 30, 2004 | $ 731,546.96 |
| November 30, 2004 | $ 279,248.05 |
| March 14, 2006 | $1,000,000.00 |

4. The aggregate principal amount currently owed to Plaintiffs on the Notes and the Guaranties is $2,831,995.78. In addition, pursuant to the terms of the Notes and the Guaranties, the Plaintiffs are entitled to payment of accrued and unpaid interest, certain late fees and attorneys' fees.

5.      Although Foods was the borrower on each of the nine (9) Notes, upon information and belief, the proceeds of the loans evidenced by the Notes were utilized to purchase equipment for and for working capital for the seven (7) operating subsidiaries of Foods, each of which operated a McDonald's franchise.

6.      On or about July 21, 2006, Foods and its seven (7) wholly-owned subsidiaries filed for bankruptcy relief in the Eastern District of New York.  Because of the manner in which the proceeds of the loans to Foods were utilized, the Plaintiffs filed identical proofs of claims in the bankruptcy cases of Foods and each of its seven (7) subsidiaries.

7.      Substantially all of the assets of the subsidiaries were sold in March and April, 2007 for net proceeds in excess of $6 million.  Foods, on the other hand, had, and has, substantially no assets with which to satisfy claims of creditors, such as the Plaintiffs. A true and exact copy of the Schedules of Assets and Liabilities of Foods filed in its bankruptcy case is attached hereto as **Exhibit D**.

8.      In their First Amended Disclosure Statement in Respect to Debtors' Plan of Liquidation, dated August 20, 2007 (the "Disclosure Statement"), Foods and its subsidiaries asserted that they had objections to the claims filed by the Plaintiffs in each of the subsidiaries' cases.  A true and exact copy of the Disclosure Statement is attached hereto as **Exhibit E**. Counsel for Chase was informed numerous times by bankruptcy counsel for Foods and its subsidiaries that they intended to object to the Plaintiffs' claims on the basis that only Foods executed the Notes and that the loan proceeds were paid to Foods, not the subsidiaries.[1]

9.      After the sale of the subsidiaries' assets, I commenced an investigation of the transactions and business conducted by the subsidiaries during their bankruptcy cases, as such

---

[1] However, neither the Defendant nor Foods has ever disputed the Plaintiffs claims against Foods.  In Foods' Schedules of Assets and Liabilities, Exhibit D hereto, Chase is listed as an unsecured creditor holding ***undisputed*** unsecured claims in aggregate amount of approximately $2,848,995.70.  Foods' Schedules of Assets and Liabilities were affirmed, under penalty perjury, by the Defendant as being "true and accurate to the best of my information and belief."  Therefore, the Defendant has effectively conceded, under penalty of perjury, that he owes that amount on the Notes and the Guaranties.

3

activity was reflected in the subsidiaries' publicly filed monthly operating reports. As a result of my investigation, I determined that a substantial amount of funds had been transferred to third parties and to the Defendant during the bankruptcy cases, without apparent approval by the bankruptcy court and apparently without any benefit to the subsidiaries or their creditors.

10. Based on the results of the investigation, Impco, Golden Mac and their master servicer, JPMorgan Chase Bank, N.A., filed, among other things, a motion to convert the chapter 11 cases to liquidations under chapter 7. After a number of hearings, on or about October 30, 2007, the bankruptcy court converted the bankruptcy cases and Richard J. McCord ("McCord") was appointed as the chapter 7 Trustee for Foods and its subsidiaries.

11. On or about January 4, 2008, McCord filed an adversary proceeding against both the Defendant and his spouse alleging, among other things, that McCord was entitled to judgment because the Defendant caused Foods' subsidiaries not to pay federal and New York State income taxes and State Sales taxes while, at the same time, causing Foods to transfer assets of the subsidiaries in various payments to the Defendant, his spouse and other third parties for the benefit of the Defendant. On the same date, McCord filed and served an application for a pre-judgment attachment and temporary restraining order.[2]

12. Significantly, McCord's application did not allege that the Defendant or his spouse had transferred assets, was threatening to transfer assets or was about to transfer assets.

13. At a hearing before the Bankruptcy Court for the Eastern District of New York on January 31, 2008, attended by this deponent, both McCord and counsel for the Defendant confirmed on the record that Yandoli and his spouse would transfer approximately $200,000 in cash and cash equivalents and the deeds to eight condominium units owned by the Defendant or the Defendant and his spouse. Upon information and belief, the Defendant and his spouse

---

[2] Significantly, the Plaintiffs have claims against the Defendant essentially conceded in the Foods Schedules of Assets and Liabilities. McCord, on the other hand, has asserted claims against the Defendant and his spouse that must be litigated and reduced to judgment. Even then, there is no ground to prefer McCord over other creditors.

4

EMF/D260196v/F053785

will receive no consideration for the transfer of cash and real property to McCord. At the January 31, 2008 hearing, it was represented that the property to be transferred by the Defendant had equity with a value in excess of $2,000,000.

14. Following his appointment, McCord informed counsel for the Defendants that Foods' bankruptcy counsel had briefed him on the objections to the Plaintiffs' claims against the subsidiaries and that he, McCord and doubts concerning the merits of the claims. Accordingly, both McCord and bankruptcy counsel for Foods and its subsidiaries have challenged whether or not the Plaintiffs have legitimate claims against the seven (7) operating subsidiaries whose assets were sold. Thus, if McCord obtains possession of assets of the Defendant, it appears that he will liquidate the assets to satisfy the claims of creditors of Foods' subsidiaries, which, according to McCord and the subsidiaries bankruptcy counsel, would exclude the Plaintiffs from any distribution.

15. On the other hand, assets owned by the Defendant are and should be available for all of his creditors, including, if successful in litigation, McCord. The transfer of assets announced and planned by the Defendant will severely prejudice existing creditors[3] of the Defendant and appear, on its face, to be a fraudulent transfer of assets under the Uniform Fraudulent Transfer Act.

16. It is clear that the Defendant has very significant creditors, among the largest of which are the Plaintiffs. It is equally clear that if the Defendant carries through on the plan to transfer his assets, the Plaintiffs will be severely prejudiced by the Defendant's depletion of assets available to satisfy his creditors, without any assurances of a corresponding ability to share in any distributions made by McCord. On the other hand, Mc Cord, as a putative creditor

---

[3] A search of the public records reflects that there no fewer than eleven (11) pending lawsuits or judgments against the Defendant, including a number of foreclosure actions against properties that the Defendant has announced that he will transfer. Few of these actions and judgments involve parties who are creditors of the bankrupt entities.[3] Moreover, public records also reveal that there are at least five (5) tax liens filed against the Defendant.

of the Defendant, will be protected by virtue of any injunction issued that will assure that the

Defendant's assets are not put beyond the reach of legitimate creditors.

    17.    Clearly, the facts and the equities militate heavily in favor of the relief requested by the Plaintiffs.

Dated: Jericho, New York
       February 28, 2008

                                  s/Edward M. Flint
                                Edward M. Flint, Esq. (EMF 7001)

| Sworn to before me this | Carol Ann Gallo-Russo |
| --- | --- |
| 28th day of February, 2008 | Notary Public, State of New York |
| | No. 01GA4632721 |
| | Qualified in Suffolk County |
| s/Carol Ann Gallo-Russo | Commission Expires April 30, 2010 |
| Notary Public | |

**EXHIBIT A**

**COMPLAINT**

[A copy is on file with Chambers and may be obtained by contacting Edward M. Flint, Esq. at 516-479-6366.]

**EXHIBIT B**

**COPY OF NOTES**

[A copy is on file with Chambers and may be obtained by contacting Edward M. Flint, Esq. at 516-479-6366.]

**EXHIBIT C**

**COPY OF GUARANTIES**

[A copy is on file with Chambers and may be obtained by contacting Edward M. Flint, Esq. at 516-479-6366.]

**EXHIBIT D**

**SCHEDULE OF ASSETS AND LIABILITIES OF YANDOLI FOODS
FILED IN BANKRUPTCY CASE**

[A copy is on file with Chambers and may be obtained by contacting
Edward M. Flint, Esq. at 516-479-6366.]

**EXHIBIT E**

**DISCLOSURE STATEMENT**

[A copy is on file with Chambers and may be obtained by contacting Edward M. Flint, Esq. at 516-479-6366.]