Silverman Perlstein & Acampora LLP
Counsel to Plaintiffs
100 Jericho Quadrangle, Suite 300
Jericho, New York  11753
(615) 479-6300
Edward M. Flint, Esq. (EMF#7001)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GOLDEN MANAGERS ACCEPTANCE
CORP. and GOLDEN IMPROVEMENTS
CORPORATION, individually,

                                 Plaintiffs,

      -against-                                  Index No. CV

RICHARD YANDOLI,

                                 Defendant.
-------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF MOTION BY ORDER TO SHOW CAUSE
FOR AN ORDER (A) PURSUANT TO RULE 64 OF THE FEDERAL RULES OF
CIVIL PROCEDURE, AND SECTION 6201(3) OF THE CIVIL PRACTICE LAW
AND RULES GRANTING A PRE-JUDGMENT ORDER OF ATTACHMENT OF THE
ASSETS OF DEFENDANT, AND (B) PURSUANT TO RULE 65 OF ISSUING AN
<u>*EX PARTE*</u> TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

**Silverman Perlstein & Acampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York  11753
(516) 479-6300**

Silverman Perlstein & Acampora LLP
Counsel to Plaintiffs
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(615) 479-6300
Edward M. Flint, Esq. (EMF#7001)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GOLDEN MANAGERS ACCEPTANCE
CORP. and GOLDEN IMPROVEMENTS
CORPORATION, individually,

                            Plaintiffs,

      -against-                             Index No. CV

RICHARD YANDOLI,

                            Defendant.
------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF MOTION BY ORDER TO SHOW CAUSE
FOR AN ORDER (A) PURSUANT TO RULE 64 OF THE FEDERAL RULES OF
CIVIL PROCEDURE, AND SECTION 6201(3) OF THE CIVIL PRACTICE LAW
AND RULES GRANTING A PRE-JUDGMENT ORDER OF ATTACHMENT OF THE
ASSETS OF DEFENDANT, AND (B) PURSUANT TO RULE 65 OF ISSUING AN
*EX PARTE* TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

    Plaintiffs Golden Managers Acceptance Corp. and Golden Improvements Corporation, individually, (collectively the "Plaintiffs") respectfully submit this memorandum in support of their application (the "Application") pursuant to Fed.R.Civ.Pro. 64 and 65 for an order: (a) granting the Plaintiffs a pre judgment order of attachment attaching all of the assets of the defendant Richard Yandoli ("Defendant"); (b) granting the Plaintiffs an *ex parte* temporary restraining order pending the hearing and a determination of the Application restraining and enjoining the Defendant, his relatives, agents, servants, employees, former employees, or any other person or entity acting on his behalf, or purportedly acting on his behalf, from using, dissipating, assigning, encumbering, hypothecating, transferring, disposing of, distributing, commingling, the Defendant's assets, either individually held or jointly held with other individuals or entities,

wherever located, including, but not limited to, real property, cash, accounts receivable, notes, chattel paper, corporate books and records whether physically maintained, electronically maintained or maintained on paper, and all other property of the Defendant; (c) granting the Plaintiffs a preliminary injunction enjoining the Defendant, his relatives, agents, servants, employees, former employees, or any other person or entity acting on his behalf, or purportedly acting on his behalf, from using, dissipating, assigning, encumbering, hypothecating, transferring, disposing of, distributing, commingling, or exercising control over the Defendant's assets, either individually held or jointly held, with other individuals or entities, wherever located including, but not limited, to real property, cash, accounts receivable, notes chattel paper, corporate books and records whether physically maintained, electronically maintained or maintained on paper, and all other property of the Defendant; and (d) for such other and further relief as this Court deems just and proper.

The facts justifying the Plaintiffs' request for provisional relief, including the immediate entry of an *ex parte* temporary restraining order and pre-judgment order of attachment are set forth in the Complaint, the Application and the Affidavit of Edward M. Flint, Esq., in Support of the Application (the "Flint Affidavit").  As is clear in the Application and the Flint Affidavit, the Defendant, by counsel, has openly announced his intent to transfer more than $2 million worth of real property without consideration.  A temporary restraining order, a preliminary injunction and a pre-trial order of attachment are, therefore, necessary and appropriate under applicable law.

## **THE COMPLAINT**

Simultaneously with the filing of the Application, the Plaintiffs filed a Complaint (the "Complaint") against the Defendant seeking a money judgment for in excess of $2.8 million on nine (9) separate guaranties (the "Guaranties") executed by Defendant in favor of Plaintiffs.  The Guaranties were executed by Defendant as security for loans made by

Plaintiffs to Defendant's wholly-owned company, Yandoli Foods, Inc. The loans, in turn, were evidenced by nine (9) separate notes (the "Notes") in favor of Plaintiffs executed by the Defendant in his capacity as President of the borrower, Yandoli Foods, Inc. A copy of the Complaint is attached to the Flint Affidavit as Exhibit A. Copies of the Notes and the Guaranties are attached to the Flint Affidavit as Exhibits B and C, respectively.

**ARGUMENT**

**I.**

**A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION ARE CLEARLY WARRANTED**

In the Second Circuit, it is well-settled that a preliminary injunction will be granted when the movant shows (1) the threat of irreparable harm and (2) either (a) a probability of success on the merits, or (b) sufficiently serious questions going to the merits to make them fair grounds for litigation and a balance of hardships tipping decidedly in the moving party's favor. Landscape Forms, Inc. v. Columbia Cascade Co., 113 F.3d 373, 376 (2d Cir. 1997); Fisher-Price Inc., v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 122 (2d Cir. 1994); Citibank, N.A. v. Nyland (CF8) Ltd., 839 F.2d 93, 97 (2d Cir. 1988); and Church of Scientology Int'l v. Elmira Mission, 794 F.2d 38, 41-42 (2d Cir. 1986). See also Power Test Petroleum Distrib. v. Calcu Gas Inc., 754 F.2d 91, 95 (2d Cir. 1985); Coca-Cola Co. v. Tropicana Products, Inc., 690 F.2d 312, 314-15 (2d Cir. 1982); Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd., 604 F.2d 200, 206-07 (2d Cir. 1979).

The facts supporting and purpose of the injunction sought by Plaintiffs is clearly within the parameters established by the Second Circuit. Here, the Defendant has announced in open court that he will transfer substantial and valuable real property to the bankruptcy trustee for the estates of the corporations that he owns, without any consideration.

In order to maintain the status quo pending a hearing on and determination of the

Application, the Court should issue an *ex parte* temporary restraining order to provide the Plaintiffs protection from the promised transfer of the Defendant's assets. It is well-settled that a court is empowered to and should enter a stay to preserve the status quo where a showing of reasonable cause has been made, pending a full hearing for a preliminary injunction.

**Irreparable Harm**

"Irreparable harm" has been held to be an "injury that is neither remote or speculative, but actual and imminent." Seide v. Crest Color, Inc., 835 F.Supp 732, 735 (S.D.N.Y. 1993), quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2nd Cir. 1989)(internal citations and quotations omitted). Here the loss that Plaintiffs face is the Defendant's irrevocable transfer, without consideration, of what is believed to be the vast bulk of his assets thereby rendering any judgment for money damages against the Defendant worthless.

"As courts have made clear, while as a general rule... a party may not obtain injunctive relief where it is claiming a loss that can be adequately remedied by an award of money damages, preliminary injunctions are proper to prevent a Defendant from making a judgment uncollectible." 835 F.Supp. at 735 (internal citations and quotations omitted), citing Republic of Philippines v. Marcos, 806 F.2d 344, 356 (2nd Cir. 1986), cert. dismissed, 480 U.S. 942, 94 L. Ed. 2d 784, 107 S. Ct. 1597, and cert. denied, 481 U.S. 1048, 95 L. Ed. 2d 835, 107 S. Ct. 2178 (1987), and Feit & Drexler, Inc. v. Green.,760 F. 2d. 406, 416 (2nd Cir. 1985); see also Libutti v. United States, 986 F.Supp 114 (N.D.N.Y. 1997), aff'd in part and rev'd in part 178 F.3d 114 (2nd Cir. 1997). "A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." Philippines v. Marcos, 806 F.2d at 356. In Marcos, the Court determined that "preliminary injunctions are proper to prevent a defendant from making a judgment uncollectible." 806 F.2d at 356. "In these cases, however, courts have found the movant to possess a bona fide concern that the

party is likely to become insolvent." 986 F.Supp. at 119 <u>citing</u> <u>Seide v. Crest Color, Inc.</u>, 835 F. Supp. 732, 735-36 (S.D.N.Y. 1993). As demonstrated in the Second Amended Disclosure Statement attached to the Flint Affidavit as Exhibit E, Federal and New York State taxing authorities have asserted hundreds of thousands, perhaps millions, of dollars of trust fund tax claims against the Defendant's wholly-owned companies, claims for which the Defendant is personally liable. The Defendant also personally guaranteed many of the loans to his companies. Accordingly, the Plaintiffs' fear of the Defendant's insolvency is far from speculative or academic.

Because the Plaintiffs will be irreparably harmed in the event that this Court does not grant the relief requested, because the Defendant **will** transfer his real property without any consideration thereby dissipating the equity therein, and because the Defendant is likely dissipate whatever other assets he have, the legitimate efforts of the Plaintiffs and Defendant's other creditors will be frustrated and rendered moot.

**Likelihood of Success on the Merits**

As discussed more fully in the Flint Affidavit, based upon the evidence to date and the executed Notes and Guaranties (as defined in the Complaint), the Plaintiffs have demonstrated a high probability of success on the merits of their claims for relief. Defendant signed the Notes in his capacity as President of the borrower and signed the Guaranties in his individual capacity. To date, Yandoli Foods, Inc. has offered no objections to the claims asserted by Plaintiffs and the Defendant has offered no objection or defense to the Guaranties.

On the record, it is clear that the Plaintiffs have a high probability of success on the merits of this action.

**Balance of the Equities**

The equities heavily favor the Plaintiffs. On the one hand, if the Defendant completes his announced transfer of assets, he will deprive the Plaintiffs of access to millions of dollars worth of assets. Moreover, the transfer of his assets his highly likely to render the Defendant insolvent. On the other hand, the Defendant and his creditors, including McCord, will suffer no immediate harm. Indeed, the Defendants assets will be preserved will the Court determines the Plaintiffs claims and the claims of other of the Defendant's creditors are similarly liquidated.

## II.

### AN ORDER OF ATTACHMENT SHOULD BE ISSUED
### AGAINST ALL OF DEFENDANT'S PROPERTY AND ASSETS

Fed. R. Civ. P. 64, made applicable by Federal Rule of Bankruptcy Procedure 7064, sets forth the conditions under which a Plaintiff may obtain an Order of attachment. It provides, in pertinent part:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the District Court is held, existing at the time the remedy is sought.... The remedies thus available include arrest, attachment, garnishment, replevin, sequestration and other corresponding or equivalent remedies, however designed and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

New York CPLR §6201, which Fed. R. Civ. P. 64 make applicable to the Plaintiffs' motion provides, in part:

> An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more Defendant, when:

\* \* \*

> 3. The Defendants, with the intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts ….

A plaintiff is entitled to an order of attachment upon a showing that, among other things, a defendant is about to transfer property or remove property from the jurisdiction. CPLR §6201(3). See <u>Bongoni v. Friedlander</u>, 176 A.D.2d 527, 574 N.Y.S.2d 717 (1st Dep't 1991); <u>Societe Generale Alsacienne de Banque, Zurich v. Flemingdon Development Corp.</u>, 118 A.D.2d 769, 500 N.Y.S.2d 278 (2nd Dep't 1986); <u>Mishkin v. Kenney & Branisel, Inc.</u>, 609 F.Supp. 1254 (S.D.N.Y.) aff'd, 779 F.2d 35 (2nd Cir. 1985).

Here, the Defendant has announced his intent to transfer substantial real property believed to be worth in excess of $2 million. Under the facts admitted to in open court by the Defendant, an order of attachment is warranted under New York law to protect fully the rights of the Plaintiffs.

## **CONCLUSION**

Plaintiffs have established all of the grounds necessary for issuance of the temporary restraining order, the order of attachment and the preliminary injunction requested in the Application. The Court should enter an Order grant the Plaintiffs' Application for an Order (a) attaching all of the assets of the Defendant; (b) temporarily restraining and enjoining the Defendant, his relatives, agents, servants, employees, former employees, or any other person or entity acting on his behalf, or purportedly acting on his behalf, from using, dissipating, assigning, encumbering, hypothecating, transferring, disposing of, distributing, commingling, the Defendant's assets, either individually held or jointly held with other individuals or entities, wherever located, including, but not limited to, real property, cash, accounts receivable, notes, chattel paper, corporate books and records whether physically maintained, electronically maintained or maintained on paper, and all other property of the

Defendant; (c) a preliminarily enjoining the Defendant, his relatives, agents, servants, employees, former employees, or any other person or entity acting on his behalf, or purportedly acting on his behalf, from using, dissipating, assigning, encumbering, hypothecating, transferring, disposing of, distributing, commingling, or exercising control over the Defendant's assets, either individually held or jointly held, with other individuals or entities, wherever located including, but not limited, to real property, cash, accounts receivable, notes chattel paper, corporate books and records whether physically maintained, electronically maintained or maintained on paper, and all other property of the Defendant; and (d) granting such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
       February 28, 2008

        **SILVERMAN PERLSTEIN & ACAMPORA LLP**
        Attorneys for plaintiffs Golden Managers
        Acceptance Corp., and Golden Improvements
        Corp.

By:    s/Edward M. Flint
       Edward M. Flint (EMF#7001)
       A Member of the Firm
       100 Jericho Quadrangle, Suite 300
       Jericho, New York 11753
       (516) 479-6300